# **EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES ELLIOTT, on behalf of himself and all others similarly situated, | Case No.: 2:14-cv-01689-MRH |
| Plaintiff, | |
| v. | |
| ESB FINANCIAL, INC., HERBERT S. SKUBA, CHARLOTTE A. ZUSCHLAG, JAMES P. WETZEL, JR., MARIO J. MANNA, WILLIAM B. SALSGIVER AND WESBANCO, INC., | |
| Defendants. | |

**ORDER FOR NOTICE AND
SCHEDULING OF HEARING ON SETTLEMENT**

The parties to the above-captioned action (the "Action"), having applied for an order determining certain matters in connection with the proposed Stipulation of Settlement dated April 28, 2015 (the "Stipulation");

Now, upon consent of the parties, after review and consideration of the Stipulation filed with the Court and exhibits thereto, and after due deliberation,

IT IS HEREBY ORDERED this ____ day of _____, 2015, that:

1. For purposes of settlement only, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, pending the Settlement Hearing (defined below), the Action shall be conditionally maintained as a class action on behalf of any and all persons or entities who held ESB Financial Corporation ("ESB") common shares at any time between October 29, 2014 and February 10, 2015, either of record or beneficially, including any and all of their respective

successors-in-interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, whether immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, and specifically including Plaintiffs, but excluding Defendants, their subsidiary companies, affiliates, assigns, and members of their immediate families, as the case may be (the "Class"). The named Plaintiff is conditionally certified as class representative ("Class Representative"), and his counsel, Brodsky & Smith, LLC and Law Office of Alfred Yates, Jr., P.C., as class counsel (hereinafter "Class Counsel" or "Plaintiff's Counsel").

2. A hearing (the "Settlement Hearing") before the Court shall be held on _____, 2015 at \_\_\_\_\_ \_.m. in Courtroom 6A, U.S. Courthouse, 700 Grant Street, Pittsburgh, PA 15219 to:

    A. determine whether the settlement set forth in the Stipulation ("Settlement") should be approved as fair, reasonable, and adequate and in the best interests of the Class;

    B. determine whether judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the Action with prejudice and extinguishing and releasing all Settled Claims (as defined in the Stipulation);

    C. determine whether the Class should be certified and whether the Class Representatives and Class Counsel are adequate representatives of the Class;

    D. rule on an application of Class Counsel in the Action for an award of attorney's fees and expenses ("Fee Application"), or to set a separate time for a hearing on the Fee Application; and

    E. rule on any objections to the Settlement or the Fee Application; and

    F. rule on such other matters as the Court may deem appropriate.

3. The Court reserves the authority to adjourn the Settlement Hearing or any adjournment thereof, including the consideration of the Fee Application, without further notice of any kind other than oral announcement at the Settlement Hearing or any adjournment thereof.

4. The Court reserves the authority to approve the Settlement at or after the Settlement Hearing with any modifications to which the parties to the Stipulation may consent in the manner provided for therein, and without further notice to the Class.

5. Upon preliminary approval by the Court, ESB shall cause the Notice of Pendency of Class Action, Proposed Class Action Determination, Proposed Settlement of Class Action, Settlement Hearing, and Right to Appear (the "Notice"), which Notice has been presented to the Court for its approval as attached as Exhibit C to the Stipulation, to be mailed by United States mail, postage prepaid, to all members of the Class at their last known address appearing in records maintained by or on behalf of ESB. All members of the Class ("Class Members") who were not also the beneficial owners of the shares shall forward the Notice to the beneficial owners of those shares. ESB (or its successor) shall use reasonable efforts to give notice to such beneficial owners by (a) making additional copies of the Notice available to any record holder who, prior to the Settlement Hearing, requests additional copies of the Notice for distribution to beneficial owners or (b) mailing additional copies of the Notice to beneficial owners as requested by record holders.

6. ESB (or its successor) shall pay all costs of the Notice.

7. The Court approves the form and manner of the Notice contemplated herein and finds that it meets the requirements of the Federal Rules of Civil Procedure and due process, is the best notice practicable under the circumstances and will constitute due and sufficient notice of the Settlement Hearing to all persons entitled to receive notice of such hearing. ESB's

counsel (or counsel to ESB's successor) shall, at least 10 business days prior to the date of the Settlement Hearing, file an appropriate affidavit of mailing with respect to the issuance of the Notice reflecting compliance with the terms herein.

8. Any Class Member who objects to the Settlement, class certification, the judgment to be entered in the Action, and/or the application by Class Counsel for an award of attorneys' fees and expenses, or who otherwise wishes to be heard, may appear in person or by counsel at the Settlement Hearing and show cause why the Settlement should not be approved. Class Members are notified that, not later than 10 business days prior to the Settlement Hearing, they must file with the Court: (i) a written notice of intention to appear, (ii) proof that you are a Class Member, (iii) a statement of your objection to any matter before the Court, and (iv) the grounds thereof or the reasons for desiring to appear and be heard, as well as documents or writings they desire the Court to consider. Copies of any objection must be served by U.S. Mail, by hand delivery, or by overnight courier upon the following counsel:

> Marc L. Ackerman
> Brodsky & Smith, LLC
> Two Bala Plaza, Suite 510
> Bala Cynwyd, PA 19004
> *Class Counsel*

> Mark D. Shepard
> Babst Calland Clements and Zomnir, P.C.
> 603 Stanwix St., 6th Floor
> Two Gateway Center
> Pittsburgh, PA 15222
> *Counsel for ESB*

> Andrew R. Stanton
> K&L GATES LLP
> 210 Sixth Avenue
> Pittsburgh, PA 15222
> *Counsel for WesBanco*

Unless the Court otherwise directs, any person who fails to object as outlined above shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other Action or proceeding.

9. Plaintiff Elliott shall file and serve his opening brief in support of the Settlement and his application for attorneys' fees and expenses no later than 30 business days prior to the Settlement Hearing. Defendants shall file and serve their opposition briefs, if any, no later than 10 business days prior to the Settlement Hearing. If any objections to the Settlement are received or filed by Defendants, a Class Member, or any other person, Plaintiff Elliott and/or Defendants may file and serve a response to those objections no later than 5 business days prior to the Settlement Hearing.

10. If the Court does not approve the Settlement, including any amendments thereto made pursuant to the terms of the Stipulation, or the Settlement does not become effective for any reason, the Stipulation (including any modification thereof), any class certification herein and any actions taken or to be taken in accordance therewith (including this Order and any judgment entered herein) shall be terminated and shall become void and of no further force and effect. In any such event, neither the Stipulation, nor any provision contained in the Stipulation, nor the Memorandum of Settlement ("MOS") upon which the Stipulation is based, nor any actions taken pursuant to any of the foregoing, shall be deemed to prejudice in any way the respective positions of the parties with respect to the Action; the parties to the Action shall be restored to their respective positions as if the Stipulation never existed; and neither the existence of the Stipulation or MOS nor their contents shall be admissible in evidence or shall be referred to for any purpose in this Action; provided however, that Plaintiffs and their counsel may use the Stipulation or the MOS in connection with an application for an award of attorneys' fees and expenses but Defendants' agreement to allow use of the Stipulation or MOS shall not be treated as a waiver or limitation of any of the provisions of paragraph 8 of the Stipulation. This provision shall remain in force in the event that the Settlement is terminated.

11. All proceedings in this Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed until further order of this Court. Pending final determination of whether the Stipulation should be approved, the Class Representative, and all members of the Class, are barred and enjoined from commencing or prosecuting any actions asserting any claims that are, or relate in any way to, the Settled Claims as defined in the Stipulation.

12. Neither the MOS nor the Stipulation nor any provisions contained in either, nor any negotiations, statements or proceedings in connection with either, shall be construed as, or deemed to be evidence of, an admission or concession by any defendant or any other person of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not constitute evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Class Representative, any member of the Class, or any other person, has suffered any damage.

13. If the Settlement is approved by the Federal Court following the Settlement Hearing, an Order and Final Judgment will be entered as described in the Stipulation.

14. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class Members.

SO ORDERED:                                BY THE COURT:


Date: _____, 2015        _____
                                  Honorable Mark R. Hornak
                                  United States District Court Judge