# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES ELLIOTT, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>ESB FINANCIAL, INC., HERBERT S. SKUBA, CHARLOTTE A. ZUSCHLAG, JAMES P. WETZEL, JR., MARIO J. MANNA, WILLIAM B. SALSGIVER AND WESBANCO, INC.,<br><br>       Defendants. | Case No.: 2:14-cv-01689-MRH |

## ORDER AND FINAL JUDGMENT

On this ___ day of _____, 2015, a hearing having been held before this Court to determine whether the terms and conditions of the Stipulation of Settlement, dated April 28, 2015 ("Stipulation"),[1] and the terms and conditions of the settlement proposed in the Stipulation (the "Settlement") are fair, reasonable, and adequate for the settlement of all claims asserted in this class action (the "Action"); and whether an order and final judgment should be entered in the Action; and the Court having considered all matters submitted to it at the hearing and otherwise:

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

  1.  The mailing of the Notice of Pendency of Class Action, Proposed Class Action Determination, Proposed Settlement of Class Action, Settlement Hearing, and Right to Appear

---

[1] Capitalized terms (other than proper nouns) that are not defined herein shall have the meanings set forth in the Stipulation.

{B1957133.1}

(the "Notice") pursuant to and in the manner prescribed in Order for Notice and Scheduling of Hearing on Settlement entered on July __, 2015 (the "Scheduling Order"), which was mailed by first class mail on or about July__, 2015, is hereby determined to be the best notice practicable under the circumstances and in full compliance with Rule 23(c)(2) of the Federal Rules of Civil Procedure, the requirements of due process and applicable law. It is further determined that all Class Members are bound by this Order and Final Judgment ("Judgment").

2. The Court finds that the Action is a proper class action pursuant to Rules 23(a), (b)(1), (2) & (3) of the Federal Rules of Civil Procedure and hereby certifies the Class as consisting of:

> any and all persons or entities who held ESB Financial Corporation common shares at any time between October 29, 2014 and February 10, 2015, either of record or beneficially, including any and all of their respective successors-in-interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, and specifically including Plaintiff, but excluding Defendants, their subsidiary companies, affiliates, assigns, and members of their immediate families, as the case may be.

3. Specifically, the Court finds that the Class satisfies the numerosity requirement of Fed.R.Civ.P. 23(a)(1). As of October 29, 2014, there were over 17,839,439 shares of common stock ("Shares") of ESB Financial Corporation ("ESB") issued and outstanding held by more than 2312 holders of record that comprise the Class.

4. There are common issues of fact and law sufficient to satisfy Fed.R.Civ.P. 23(a)(2), including whether the disclosures made by ESB in connection with the Merger Transaction were adequate, whether the ESB Director Defendants breached any alleged fiduciary duties to the Class Members, whether WesBanco aided and abetted the breach of any such alleged fiduciary duties, and whether Plaintiff Elliott in this Action and Class Members were injured as a consequence of any of the Defendants' actions.

5. The claims of Plaintiff Elliott are typical of the claims and defenses of the Class thereby satisfying Fed.R.Civ.P. 23(a)(3).

6. Plaintiff Elliott will fairly and adequately protect the interest of the Class thereby satisfying Fed.R.Civ.P. 23(a)(4).

7. The Court further finds that the prosecution of separate actions by Class Members would create a risk of inconsistent or varying adjudications with respect to Class Members, which would confront Defendants with incompatible standards of conduct, and, as a practical matter, adjudications with respect to individual Class Members would be dispositive of the interests of other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests, thereby satisfying Fed.R.Civ.P. 23(b)(1)(A) & (B).

8. The Court further finds that the Defendants have acted, or refused to act, on grounds generally applicable to the Class, thereby making final equitable or declaratory relief appropriate with respect to the Class, satisfying Fed.R.Civ.P. 23(b)(2).

9. Finally, the Court finds that questions of law and fact common to the Class Members predominate over any questions affectingly only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating the claims asserted by Plaintiff thereby satisfying Fed.R.Civ.P. 23(b)(3).

10. The Court finds that Brodsky & Smith, LLC and the Law Office of Alfred C. Yates, Jr., P.C. possess the experience, knowledge and resources to adequately represent the interests of the Class Members in this type of litigation and, therefore, approves their appointment as Class Counsel in accordance with Fed.R.Civ.P.23(g).

11. The Settlement of this Action as provided in the Stipulation is approved as fair, reasonable, and adequate, and in the best interests of Plaintiff Elliott, the Class, and Defendants.

12. The Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement and this Judgment and over all parties to the Action.

13. This Action and the Settled Claims are hereby dismissed on the merits and with prejudice, and without costs (except as provided in Paragraph 19 hereof), in full and final discharge of any and all claims or obligations that were or could have been asserted in the Action against the Defendants.

14. Plaintiff and all Class Members, and their respective heirs, executors, administrators, estates, predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns, agree to release and forever discharge, and by operation of this Judgment hereby release and forever discharge, all Settled Claims as against all Released Persons. The Released Persons shall be deemed to be released and forever discharged from all of the Settled Claims.

15. Plaintiff and all Class Members, and their respective heirs, executors, administrators, estates, predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns, are forever barred and enjoined from commencing, instituting, or prosecuting, either directly or in any other capacity, any Settled Claims against any of the Released Persons in any forum whatsoever; provided, however, that the Settled Claims shall not include any claims to enforce the Stipulation or the Settlement.

16. Defendants and the Released Persons agree to release and forever discharge, and by operation of this Judgment hereby forever release and discharge, Plaintiff, each Class Member, Class Counsel, and counsel for Plaintiff Kress from all claims arising out of, relating to, or in connections with, the institution, prosecution, assertion, settlement, or resolution of the Action and Settled Claims (including Unknown Claims).

{B1957133.1}                                4

Case 2:14-cv-01689-MRH Document 23-1 Filed 06/30/15 Page 5 of 7

17. Neither the MOS, the Stipulation or this Judgment, nor any of the terms and provisions of the MOS, the Stipulation or this Judgment, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the settlement proceedings, nor any statements in connection therewith, shall in this Action (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury or damages, or any wrongful conduct, acts or omission on the part of any of the Released Persons, or of any infirmity of any defense, or of any damage to any Plaintiff or Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Persons concerning any fact alleged or that could have been alleged, or any claim asserted or that could have been asserted in this Action, or of any purported liability, fault, or wrongdoing of the Released Persons or of any injury or damages to any person or entity; <u>provided</u>, <u>however</u>, that the Stipulation and/or Judgment may be introduced in any proceeding, whether before this Court or otherwise, as may be necessary to argue that the Stipulation and/or Judgment has *res judicata*, collateral estoppel, or other issue or claim preclusion effect or to otherwise consummate or enforce the Settlement or Judgment, and <u>provided further</u> that Plaintiff also may refer to and utilize the Stipulation in connection with any application for an award of attorneys' fees and expenses as agreed in the Stipulation.

18. If the Effective Date does not occur, if the Stipulation is disapproved, canceled, or terminated pursuant to its terms, all the parties to the Stipulation shall be deemed to have reverted to their respective litigation status immediately prior to the execution of the MOS, and they shall proceed in all respects as if the MOS and the Stipulation had not been executed (except for Paragraphs 2(b), 8(a), 8(b), 9(b), 9(f)-9(k), 9(p) and 9(q) of the Stipulation, which shall survive

the occurrence of any such event) and the related orders had not been entered, and in that event all of their respective claims and defenses as to any issue in the Action shall be preserved without prejudice in any way whatsoever. Notwithstanding the foregoing, if the Settlement is terminated, for any reason whatsoever, Plaintiff reserves the right to pursue a mootness petition or petitions for attorneys' fees and expenses in connection with any benefits that may have been afforded to the ESB's shareholder as a result of the Action. Defendants reserve the right to oppose such petition(s). Further, Plaintiffs and their counsel may use the Stipulation or the MOS in connection with such an application for an award of attorneys' fees and expenses but Defendants' agreement to allow use of the Stipulation or MOS shall not be treated as a waiver or limitation of any of the provisions of paragraph 8 of the Stipulation. This provision shall remain in force in the event that the Settlement is terminated.

19. Plaintiffs' Counsel are hereby awarded attorneys' fees and expenses in the total amount of $_____, which sum the Court finds to be fair, reasonable, and in accordance with applicable law. Such amount shall be paid pursuant to the provisions of the Stipulation, the terms and conditions of which are incorporated herein. Such fees and expenses shall be paid to Brodsky & Smith, LLC within 20 days after entry of this Judgment. No Plaintiff or counsel representing any Class Member shall make any further or additional application for fees or expenses pursuant to the Settlement to this Court or any other court in connection with the Actions.

20. The binding effect of this Judgment and the obligations of Plaintiffs and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Judgment that relates solely to the issue of Class Counsel's (or any other counsel's) application for an award of attorneys' fees and expenses.

{B1957133.1}  6

21. All Class Members shall be and are deemed bound by the Stipulation and this Judgment. This Judgment, including the release of all Settled Claims against all Released Persons, shall have *res judicata* and other preclusive effect in all pending and future lawsuits, arbitrations, or other proceedings maintained by or on behalf of, any of the Plaintiffs and all other Class Members, as well as their respective heirs, executors, administrators, estates, predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns and anyone claiming through or on behalf of any of them; provided, however, that the Settled Claims shall not include any claims to enforce the Stipulation or the Settlement.

22. Without further order of this Court, the parties may agree in writing to reasonable extensions of time to carry out any of the provisions of the Stipulation.

SO ORDERED:  BY THE COURT:

Date: _____, 2015

                                          Honorable Mark R. Hornak
                                          United States District Court Judge