# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES ELLIOTT, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>ESB FINANCIAL, INC., HERBERT S. SKUBA, CHARLOTTE A. ZUSCHLAG, JAMES P. WETZEL, JR., MARIO J. MANNA, WILLIAM B. SALSGIVER AND WESBANCO, INC.,<br><br>      Defendants. | Case No.: 2:14-cv-01689-MRH |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. BACKGROUND OF THE LITIGATION AND SETTLEMENT.......................2

III. PLAINTIFFS' COUNSEL'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES SHOULD BE APPROVED..............................................................4

    A. The Applicable Standards ........................................................................4

    B. The Common Benefit Doctrine and Lodestar Calculation Support the Award of the Fee Amount ........................................................................6

        1. The Supplemental Disclosures .......................................................6

        2. The Settlement Class is Ascertainable ...........................................7

        3. Any Award of Attorneys' Fees Will Be Spread Proportionally Among the Benefitting Settlement Class ........................................7

        4. The Requested Amount is Reasonable Based on the Lodestar Calculation ......................................................................8

        5. Other Relevant Factors Supporting the Fee Amount......................9

            a. *Absence of Objections*.........................................................9

            b. *The Skill and Efficiency of Plaintiffs' Counsel*…………...10

            c. *Fee Awards in Similar Cases Support the Fee*…………...11

IV. CONCLUSION .................................................................................................12

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Pages**

Abrams v. Lightolier, Inc.,
  50 F.3d 1204 (3d Cir. 1995) ...................................................................................................9

Balanced Beta Fund v. Southworth.,
  No. 11724-11 (Pa. Ct. C.P. Oct. 24, 2011) ..............................................................................11

Bisch v. Bontemp,
  No. 2:13-cv-01392 (W.D. Pa. May 21, 2014) .........................................................................11

Boeing Co. v. Van Gernert,
  444 U.S. 472 (1980) ..............................................................................................................4, 5

Denny v. Wallace.,
  No. 10-cv-1154 (W.D. Pa. Sept. 9, 2011) ...............................................................................11

Epoch v. Penn Virginia GP Holdings, L.P.,
  No. 10-013223 (Pa. Ct. C.P. Nov. 18, 2011) ..........................................................................11

Gunter v. Ridgewood Energy Corp.,
  223 F.3d 190 (3d Cir. 2000) .....................................................................................................6

Hensley v. Eckerhart,
  461 U.S. 424 (1983) ..................................................................................................................4

In re Allegheny Energy, Inc. S'holder Class & Derivative Litig.,
  No. 1101 of 2010 (Pa. Ct. C.P. Jan. 11, 2011) .......................................................................11

In re AremisSoft Corp. Sec. Litig.,
  210 F.R.D. 109 (D.N.J. 2002) .................................................................................................10

In re AT&T Corp. Secs. Litig.,
  455 F.3d 160 (3d Cir. 2006) .....................................................................................................5

In re Charming Shoppes, Inc., Derivative & Class Action Litig.,
  No. 2012-04154 (Pa. Ct. C.P. Apr 3, 2013)……………………………………………….11

In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.,
  582 F.3d 524 (3d Cir. 2009)………………………………………………………………...5

In re FLS Holdings, Inc. S'holder Litig.,
  1993 WL 104562 (Del. Ch. Apr. 2, 1993)……………………………………………………6

In re Ikon Office Solutions, Inc., Sec. Litig.,
  194 F.R.D. 166 (E.D. Pa. 2000) ..............................................................................................10

In re Ins. Brokerage Antitrust Litig.,
  579 F.3d 241 (3d Cir. 2009) .....................................................................................................8

In re Linerboard Antitrust Litig.,
  No. 98-5055, 2004 WL 1221350 (E.D. Pa. June 2, 2004) ......................................................10

In re Rent-Way Sec. Litig.,
  305 F. Supp. 2d 491 (W.D. Pa. 2003) ......................................................................................9

In re Rite Aid Corp. Sec. Litig.,
    396 F.3d 294 (3d Cir. 2005) .................................................................................6, 9

In re Schering-Plough/Merck Merger Litig.,
    C.A. No. 09-CV-1099, 2010 WL 1257722 (D.N.J. Mar. 25, 2010)………………….....5, 7, 9

In re Schering-Plough Corp. Shareholders Derivative Litig.,
    2008 WL 185809 (D.N.J. Jan. 14, 2008)........................................................................5

In re Tollgrade Commc'ns Derivative & Class Action Litig. Litig.,
    No. GD-11-003755 (Pa. Ct. C.P. Feb 27, 2013) .............................................................11

In re Warner Commc'ns Sec. Litig.,
    618 F.Supp. 735 (S.D.N.Y. 1985) ...................................................................................10

Johnson v. Samuel,
    No. 11-cv-01777 (M.D. Pa. Sept. 26, 2011)....................................................................11

Joy Mfg. Corp. v. Pullman- Peabody Co.,
    742 F. Supp. 911 (W.D. Pa. 1990) ..................................................................................8

Joy Mfg. Corp. v. Pullman-Peabody Co.,
    729 F. Supp. 449 (W.D. Pa. 1989) ..................................................................................6

Kahan v. Rosenstiel,
    424 F.2d 161 (3d Cir. 1970) ............................................................................................6

Marshall v. United Steel Workers,
    666 F.2d 845 (3d Cir. 1981) ............................................................................................5

Merola v. Atlantic Richfield Co.,
    515 F.2d 165 (3d Cir. 1975) ............................................................................................5

Michelsen v. Pizzi,
    No. 110402487 (Pa. Ct. C.P. Jan 11, 2012).....................................................................11

Missouri v. Jenkins,
    491 U.S. 274 (1989) ........................................................................................................8

Muchnick v. First Fed. Sav. & Loan Ass'n,
    No. 86-1104, 1986 WL 10791 (E.D. Pa. Sept. 30, 1986) ...............................................9

Nicols v. Smithkline Beecham Corp.,
    No. 00-6222 (E.D. Pa. Apr. 22, 2005).............................................................................9

Pawlak v. Greenawalt,
    713 F.2d 972 (3d Cir. 1983) ............................................................................................5

Petruzzi's Inc. v. Darling-Delaware Co.,
    983 F. Supp. 595 (M.D. Pa. 1996) ..................................................................................6

Safety Components Int'l, Inc.,
    166 F. Supp. 2d 108 (D.N.J. 2001) .................................................................................9

Silberman v. Bogle,
    683 F.2d 62 (3d Cir. Pa. 1982)........................................................................................6

Weber v. Gov't Emples. Ins. Co.,
    262 F.R.D. 431 (D.N.J. 2009)..................................................................................................8

**I.     INTRODUCTION**

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, plaintiff James Elliott ("Plaintiff" or "Elliott"), by his undersigned counsel, without objection from Defendants,[1] respectfully submits this Memorandum in support of his Motion for an award of attorneys' fees and reimbursement of expenses in the amount of $210,000 for the benefits achieved by Plaintiff's counsel.[2]

On July 2, 2015, the Court entered an Order for Notice and Scheduling of Hearing on Settlement ("Scheduling Order"), which, among other things: (i) preliminarily determined, for purposes of settlement, that notice may be disseminated to the Class (defined below); (ii) approved the parties' proposed form and method for disseminating the Notice of Pendency of Class Action, Proposed Settlement of Class Action, Settlement Hearing and Right to Appear ("Notice") to the Class; and (iii) scheduled a final settlement approval hearing (the "Settlement Hearing") for September 21, 2015, at 1:30 p.m.

For the reasons set forth herein, Plaintiff respectfully submits that the requested amount of attorneys' fees and reimbursement of expenses, which Defendants do not oppose, is within the range of fees awarded in similar shareholder actions and should be approved.

**II.    BACKGROUND OF THE LITIGATION AND SETTLEMENT**

Plaintiff filed the Action on December 15, 2014 against ESB Financial, Inc. ("ESB" or the "Company"), its Board of Directors (collectively, the "Board" or the "Individual

---

[1] Defendants (defined herein) have no opposition to this motion and the request sought herein; however, Defendants may not agree with the characterization of certain arguments maintained by Plaintiff herein.

[2] Filed contemporaneously and incorporated herewith is Plaintiff's Memorandum of Law in Support of Motion for Final Approval of Class Action Settlement.

1

Defendants"),³ and WesBanco, Inc. ("WesBanco" or "Parent," and together with ESB and the Board, "Defendants"), challenging the proposed mixed cash-and-stock acquisition of ESB by WesBanco for $1.76 and 0.502 shares of WesBanco common stock in exchange for each share of ESB common stock owned, or approximately $17.65 per ESB common share ("Merger").⁴ As set forth below, the Settlement of the Action was reached at a time when Plaintiff and his counsel had a thorough understanding of the strengths and weaknesses of the claims asserted in the Action, and was achieved only after extended arm's-length negotiations. Indeed, before commencing his Action, Plaintiff began the diligent prosecution of his claims by, among other things, making a pre-suit litigation demand on ESB's Board on November 17, 2014 and November 24, 2014,⁵ retaining and consulting with a financial and valuation expert, negotiating with ESB and the Board, through their counsel, for the expedited production of relevant non-public information on a voluntary and confidential basis, and receiving and reviewing over 3,800 pages of key internal documents produced by Defendants. Plaintiff also conducted pre-Memorandum of Settlement ("MOS") depositions of two key witnesses.

On January 15, 2015, the parties reached an agreement-in-principle to settle the Action and entered into the MOS. Pursuant to the terms of the MOS, Defendants made certain agreed-upon disclosures ("Supplemental Disclosures") to the Schedule 14A Definitive Joint Proxy

---

³ The "Board" and "Individual Defendants" refer to, collectively, Raymond J. De Hont, Michael J. Morris, Judith A. Spires, Stanley W. Silverman, George W. Glatfelter II, and Robin L. Weisman.

⁴ On November 21, 2014, plaintiff Randall Kress ("Kress," and together with Elliott, "Plaintiffs") filed a substantially similar complaint in Pennsylvania state court ("State Court"), styled *Kress v. ESB Financial, Inc.*, Case No. 11185/14CA. After Plaintiff Elliott filed his action, Kress agreed to discontinue his state court action given the pendency and progress of the Action. The Stipulation was filed on behalf of both the *Kress* and *Elliott* actions.

⁵ Specifically, Kress sent his demand letter on November 17, 2014 while Plaintiff Elliott sent his on November 24, 2014.

2

Statement/Prospectus (the "Proxy"), which ESB filed on Form 8-K with the United States Securities and Exchange Commission (the "SEC") on January 15, 2015, prior to the scheduled ESB shareholder vote in connection with the Merger on January 22, 2015.

Based on a thorough investigation of the claims and allegations asserted in the Action and completion of significant discovery on an expedited basis, which included multiple consultations with a financial and valuation expert retained by Plaintiff, the review of 3,800 pages of relevant internal documents produced by Defendants, and the deposition of two key witnesses, Plaintiff and his counsel believe that the proposed Settlement is fair, reasonable, and adequate to Plaintiff and the Class, which consists of ESB's former unaffiliated shareholders.

Only after agreeing to the principal terms and conditions of the Settlement as set forth in the Stipulation and Agreement of Compromise and Settlement entered by the parties on April 28, 2015 ("Stipulation"),[6] the parties commenced negotiations concerning an appropriate amount of attorneys' fees and expenses to be sought by Plaintiff's counsel for their prosecution of and benefits achieved in the Action. Defendants have agreed not to oppose an aggregate award of attorneys' fees and expenses of $210,000, as awarded by the Court.[7]

---

[6] The Stipulation is attached as Exhibit 1 to the Declaration of Marc L. Ackerman In Support of Plaintiff's Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees and Reimbursement of Expenses ("Ackerman Declaration," with citations thereto as "Ackerman Decl. __") filed herewith. All capitalized terms, unless otherwise defined herein, shall have the meaning set forth in the Stipulation.

[7] Plaintiff further incorporates the Declaration of Marc L. Ackerman, filed contemporaneously herewith, with respect to further background of the litigation and settlement.

### III. PLAINTIFFS' COUNSEL'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES SHOULD BE APPROVED

Plaintiffs' counsel are applying for an award of attorneys' fees and reimbursement of expenses in the aggregate amount of $210,000 for the prosecution and resolution of the Action. Approval of attorneys' fees by the Court is not a condition of the Settlement. Plaintiffs' counsel negotiated the requested fees and expenses at arm's-length with Defendants' counsel after the parties had agreed to the Settlement of the Action. The United States Supreme Court has encouraged this type of a consensual resolution of attorneys' fees as the ideal toward which litigants should strive. In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the United States Supreme Court noted that "[a] request for attorney's fees should not result in a second major litigation. *Ideally, of course, litigants will settle the amount of a fee*." *Id*. at 437 (emphasis added). As a result of these negotiations, Defendants have consented to compensate Plaintiffs' counsel in the amount of $210,000. In light of the factors governing the award of attorneys' fees discussed below, Plaintiffs respectfully submit that the Court should exercise its discretion and grant the fee application.

#### A. The Applicable Standards

Courts have long permitted counsel who create a benefit for others to recover their expenses, including reasonable attorneys' fees, from those who enjoy the benefit conferred. *See Boeing Co. v. Van Gernert*, 444 U.S. 472, 478 (1980). Under the common benefit doctrine, justification for the fee award "'is the vindication of the class' rights that is the common benefit conferred on the class that justifies an award of attorneys' fees.'" *In re Schering-Plough/Merck Merger Litig. ("Merck")*, C.A. No. 09-CV-1099, 2010 WL 1257722, at *5 (D.N.J. Mar. 25, 2010) (quoting *Pawlak v. Greenawalt*, 713 F.2d 972, 983 (3d Cir. 1983)). The substantial benefit doctrine is applicable in a class action context when there is no ascertainable fund from

4

which attorneys' fees can be paid, but the litigation has conferred substantial monetary or non-monetary benefits on an ascertainable group and the court has jurisdiction over both the subject matter of the lawsuit and the defendant. *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.*, 582 F.3d 524, 546 (3d Cir. 2009).

In determining whether the award of attorneys' fees is appropriate under the common benefit doctrine, plaintiffs must show three distinct elements: (1) an attorney must confer a substantial benefit (2) to members of an ascertainable class, and (3) the court must ensure that the costs are proportionately spread among that class. *See id.* (affirming fee award to plaintiffs' counsel); *see also Marshall v. United Steel Workers*, 666 F.2d 845, 848 (3d Cir. 1981). Moreover, under this doctrine, "[a]ttorney's fees are awardable even though the benefit conferred is purely *nonpecuniary* in nature." *Merola v. Atlantic Richfield Co.*, 515 F.2d 165, 169-70 (3d Cir. 1975) (emphasis added).

As the Settlement "does not involve monetary benefits, […] the Court must employ the lodestar method to determine the reasonability of the proposed fee award." *In re Schering-Plough Corp. Shareholders Derivative Litig.*, CIV. A. 01-1412, 2008 WL 185809 (D.N.J. Jan. 14, 2008). However, in assessing the reasonableness of a fee award, the Third Circuit also advocates the consideration of any factors "that are useful and relevant with respect to the particular facts of the case." *In re AT&T Corp. Secs. Litig.*, 455 F.3d 160, 166 (3d Cir. 2006). Among the various factors commonly considered by courts within the Third Circuit, which are relevant here, are: (1) the absence of substantial objections by class members; (2) the skill and efficiency of the attorneys involved; and (3) the awards in similar cases. *See In re Rite Aid Corp.*

*Sec. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005) (citing *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000)).

Approval and the amount of a fee and expense award are matters within the sound discretion of the trial court. *See Silberman v. Bogle*, 683 F.2d 62, 64-65 (3d Cir. Pa. 1982); *Petruzzi's Inc. v. Darling-Delaware Co.*, 983 F. Supp. 595, 602 (M.D. Pa. 1996). For the reasons set forth below, the fee sought by Plaintiffs' counsel is reasonable and appropriate in light of all of the factors the Court considers in determining fee awards.

> B. **The Common Benefit Doctrine and Lodestar Calculation Support the Award of the Fee Amount**
>
>> 1. **The Supplemental Disclosures Conferred a Substantial Benefit to the Class**

Courts, including this Court, have long recognized that non-monetary benefits, such as additional material disclosures, can have substantial value and may be rewarded by court-approved attorneys' fees and reimbursement of expenses. *See, e.g., Joy Mfg. Corp. v. Pullman-Peabody Co.*, 729 F. Supp. 449, 452-54 (W.D. Pa. 1989); *see also Kahan v. Rosenstiel*, 424 F.2d 161, 166 (3d Cir. 1970) ("the award of attorney's fees is not limited to circumstances in which there is a monetary fund from which fees may be paid, but extends to any situation in which the litigation has conferred a substantial benefit on the members of an ascertainable class"); *In re FLS Holdings, Inc. S'holder Litig.*, 1993 WL 104562, at *280 (Del. Ch. Apr. 2, 1993).

As discussed in the contemporaneously filed Motion for Final Approval, Plaintiffs' counsel provided significant value to ESB's shareholders, and the Supplemental Disclosures gave ESB shareholders the ability to make a clear, fully-informed decision on the Merger. Accordingly, Plaintiffs' counsel's services to the Class were of material value to the shareholders and should be adequately compensated.

### 2. The Settlement Class is Ascertainable

The Class is a non-opt out class consisting of a group of readily identifiable beneficiaries defined as "all persons or entities who held ESB [] common shares at any time between October 29, 2014 and February 10, 2015[.]" The Supplemental Disclosures were disseminated to all shareholders in advance of the ESB Shareholders' Meeting, and on January 22, 2015, ESB's shareholders voted to approve the Merger. ESB shareholders decided whether to vote in favor of the Merger pursuant to information that included the Supplemental Disclosures. In light of these facts, the benefitting Class is ascertainable and consists of readily identifiable members. *See Merck*, 2010 WL 1257722, at *15.

### 3. Any Award of Attorneys' Fee Will Be Spread Proportionally Among the Benefitting Settlement Class

ESB (or its successor or insurer) has agreed to pay Plaintiffs' counsel's aggregate fees and expenses in the amount awarded by the Court up to $210,000. No member of the Class is expected to contribute to the payment of such award, and the benefits provided in the Settlement will not be diminished in any way by the fee and expense award. *See Merck*, 2010 WL 1257722, at *16-17.

### 4. The Requested Amount is Reasonable Based on the Lodestar Calculation

Where, as here, there is no "common fund" out of which attorneys' fees can be awarded and it is difficult to quantify the dollar value of the benefit, the lodestar method is the appropriate method for calculating fees. *See Weber v. Gov't Epms. Ins. Co.*, 262 F.R.D. 431, 449-50 (D.N.J. 2009); *Joy Mfg. Corp. v. Pullman-Peabody Co.*, 742 F. Supp. 911, 913 (W.D. Pa. 1990) (lodestar method is applicable in common benefit cases where the benefit conferred is non-monetary).

In setting the lodestar amount, the court multiplies the number of hours reasonably worked on a client's case by a reasonable billing rate for such services in the given geographical

area provided by a lawyer of comparable experience. *See In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 280 (3d Cir. 2009). The United States Supreme Court and other courts have held that the use of current rates is proper since such rates compensate for inflation and the loss of use of funds. *See Missouri v. Jenkins*, 491 U.S. 274, 283-84 (1989).

Plaintiffs' counsel and their paraprofessionals here have spent, in the aggregate, 462.1 hours in the prosecution of this Action for a cumulative lodestar of $260,121. From the outset, the Action was conducted by Plaintiffs' counsel in a coordinated and well-organized fashion to ensure efficiency and minimize duplication of work. In addition, where feasible, work was assigned to personnel with lower billing rates. In determining whether the rates are reasonable, the Court should take into account the attorneys' legal reputation, experience, and status. The accompanying Declarations of Plaintiffs' counsel attach as exhibits Plaintiffs' counsel's respective firm résumés. *See* Ackerman Decl., Ex. F.

After deducting for $26,849.27 Plaintiffs' counsel are seeking in unreimbursed expenses,[8] Plaintiffs' counsel's fee request totals $183,150.73. Thus, the requested fee award provides a negative multiplier of .7. As such, this multiplier falls well below the range of implied multipliers that have been found reasonable for cross-check purposes in other class actions. *See, e.g., Muchnick v. First Fed. Sav. & Loan Ass'n*, No. 86-1104, 1986 WL 10791 (E.D. Pa. Sept. 30, 1986) (awarding fee equal to multiplier of 8.3); *Nicols v. SmithKline Beecham*

---

[8] A breakdown of the expenses incurred in the prosecution of the Action is contained in the declarations of counsel submitted herewith. Most of this amount was incurred for professional services rendered by Plaintiffs' expert and for travel. These expenses were critical to Plaintiffs' success in achieving the proposed Settlement. Litigation expenses are properly recovered by plaintiffs' counsel. *See Safety Components Int'l, Inc.*, 166 F. Supp. 2d 108 (D.N.J. 2001) ("Counsel for a class action is entitled to reimbursement of expenses in the prosecution of the class action.") (citing *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1225 (3d Cir. 1995)). The declarations of counsel demonstrate that the requested expenses were reasonable and appropriately incurred. *See* Ackerman Decl., Ex. F.

8

*Corp.*, No. 00-6222 (E.D. Pa. Apr. 22, 2005) (approving 3.15 multiplier); *In re Linerboard Antitrust Litig.*, No. 98-5055, 2004 WL 1221350, at *16 (E.D. Pa. June 2, 2004) (approving 2.66 multiplier); *In re Rent-Way Sec. Litig.,* 305 F. Supp. 2d 491, 517 (W.D. Pa. 2003) (approving 2.36 multiplier); *Merck*, 2010 WL 1257722, at *18 (approving a 2.18 multiplier).

In short, the benefits achieved, the significant risks, and considerable efforts expended in this case establish that a fee of $210,000, yielding a .7 negative multiplier, is reasonable.

### 5. Other Relevant Factors Support the Fee Amount

#### a. *Absence of Objections*

Counsel are not aware of any objections to any aspect of the Settlement or fee application. Notice specifically stated that Plaintiffs' counsel would be applying for an award of attorneys' fees and expenses in an amount up to $395,000. *See* Notice, § VII. The lack of objections supports the reasonableness of the fee request. *In re Rite Aid Corp.*, 396 F.3d at 305; *Rent-Way*, 305 F. Supp. 2d at 515 ("the absence of substantial objections by other class members to the fee application supports the reasonableness of Lead Counsels' request").

#### b. *The Skill and Efficiency of Plaintiffs' Counsel*

Plaintiffs' counsel's efforts in efficiently bringing this litigation to a successful conclusion are the best indicator of the experience and ability of the attorneys involved. *In re AremisSoft Corp. Sec. Litig.*, 210 F.R.D. 109, 132 (D.N.J. 2002) ("the single clearest factor reflecting the quality of class counsels' services to the class are the results obtained."). As a result of Plaintiffs' counsel's efforts in the Action, Plaintiffs' counsel were able to achieve the Settlement, which provided significant benefits to the Class.

The experience of the law firms that represent Plaintiffs in this Action is set forth in the firm résumés accompanying the Declarations of Plaintiffs' counsel. *See* Ackerman Decl., Ex. F.

As those submissions show, Plaintiffs' counsel are experienced and practice extensively in the complex field of shareholder litigation. Their reputation and skill were important factors in obtaining the benefits for the Class.

The quality and vigor of opposing counsel is also relevant in evaluating the quality of the services rendered by Plaintiffs' counsel. *See, e.g., In re Ikon Office Solutions, Inc., Sec. Litig.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000); *In re Warner Commc'ns Sec. Litig.*, 618 F.Supp. 735, 749 (S.D.N.Y. 1985) ("The quality of opposing counsel is also important in evaluating the quality of plaintiffs' counsels' work."), *aff'd*, 798 F.2d 35 (2d Cir. 1986). Defendants were represented by nationally prominent firms. The ability of Plaintiffs' counsel to obtain such a favorable settlement for the Class in the face of such formidable legal opposition further confirms the superior quality of Plaintiffs' counsel's representation.

### c. *Fee Awards in Similar Cases Support the Fee*

During negotiations over an appropriate amount for Plaintiffs' counsel's fees and expenses, both sides were aware of the range of fees paid in other similar actions. Courts have consistently recognized the value of disclosures in the context of corporate transactions like the instant case. Indeed, courts across the country have awarded plaintiffs' counsel fees and expenses in line with or more than the amount requested here. The following cases and numerous others establish the value provided by Plaintiffs' counsel in pursuing and obtaining non-monetary relief in actions involving alleged corporate wrongdoing and fully support the fee requested here. *See, e.g., Merck*, 2010 WL 1257722, at *18 ($3.5 million award, representing a positive multiplier of 2.18, for disclosure-only settlement); *In re Allegheny Energy, Inc. S'holder Class & Derivative Litig.*, No. 1101 of 2010, slip op. at ¶ 2 (Pa. Ct. C.P. Jan. 11, 2011) (awarding $700,000 in fees and expenses); *Balanced Beta Fund v. Southworth*, No.

11724-11, slip op. at ¶ 6 (Pa. Ct. C.P. Oct. 24, 2011) (awarding $625,000 in fees and expenses); *Denny v. Wallace*, No. 10-cv-1154, slip op. at ¶ 6 (W.D. Pa. Sept. 9, 2011) (awarding $475,000 in fees and expenses); *In re Charming Shoppes, Inc. Derivative & Class Action Litig.*, No. 2012-04154, slip op. at ¶ 12 (Pa. Ct. C.P. Apr. 3, 2013) (awarding $470,000 in fees and expenses); *In re Tollgrade Commc'ns Derivative & Class Action Litig.*, No. GD-11-003755, slip op. at ¶ 7 (Pa. Ct. C.P. Feb. 27, 2013) (awarding $454,700 in fees and expenses); *Epoch v. Penn Virginia GP Holdings, L.P.*, No. 10-013223 (Pa. Ct. C.P. Nov. 18, 2011) (awarding $400,000 in fees and expenses); *Bisch v. Bontemp*, No. 2:13-cv-01392, slip op. at ¶ 12 (W.D. Pa. May 21, 2014) (awarding $365,000 in fees and expenses); *Johnson v. Samuel*, No. 11-cv-01777, slip op. at ¶ 13 (M.D. Pa. Sept. 26, 2011) (awarding $332,500 in fees and expenses); *Michelsen v. Pizzi*, No. 110402487, slip op.at ¶ 13 (Pa. Ct. C.P. Jan. 11, 2012) (awarding $250,000 in fees and expenses).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court approve Plaintiffs' counsel's unopposed request for attorneys' fees and reimbursement of expenses.

Dated: August 7, 2015

LAW OFFICE OF ALFRED G. YATES, JR.

/s/ Gerald L. Rutledge
Alfred G. Yates, Jr. (PA 17419)
Gerald L. Rutledge (PA 62027)
519 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219
(412) 391-5164
(412) 471-1033 (fax)
yateslaw@aol.com

OF COUNSEL:

BRODSKY & SMITH, LLC
Evan J. Smith

Marc L. Ackerman
Two Bala Plaza, Suite 510
Bala Cynwyd, PA 19004
(610) 667-6200

*Attorneys for Plaintiff James Elliott*